[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife brings this dissolution action alleging irretrievable breakdown of the marriage. The defendant husband admits all of the material allegations of the complaint and cross complaints also alleging irretrievable breakdown of the marriage. CT Page 4310
The parties are at issue as to the net income of the defendant.
The court finds, based upon the admissions of the parties and the evidence presented at the hearing that, the parties intermarried on August 16, 1980 at New Britain, Connecticut. The plaintiff's maiden name is Lydia S. Borucki; that plaintiff has resided in Connecticut for twelve or more months immediately preceding the date of this complaint; and, that only the following minor children have been born to the plaintiff wife, lawful issuance of this marriage, Santina C. Waltower, born March 22, 1983, and Larissa A. Waltower, born December 13, 1988. No other minor child has been born to the plaintiff wife since the date of this marriage.
Neither party has or is receiving financial assistance from the State of Connecticut nor from any of its subdivisions. The marriage of the parties has broken down irretrievably.
The court having heard the parties, and their respective witnesses, after examining the exhibits presented and taking into consideration the statutory factors for the determination of alimony, support, division of the assets and the setting of responsibility for the liabilities of the marriage, as well as considering the best interests of the children, enters the following orders:
The plaintiff mother shall have sole custody of the two minor children. The father shall have reasonable visitation with both children. Neither parent shall take a child or both of them out of Connecticut without first giving the other party thirty days written notice. The non-custodial father shall pay to the custodial mother child support for the two minor children in the sum of $146.00 per week in accordance with the guidelines. He shall also be the primary provider of medical, dental and major medical insurance as available through his employment at reasonable rates for the benefit of the minor children. The mother is to provide secondary medical insurance coverage for the minor children as available through her employment at reasonable cost.
The provisions of Connecticut General Statutes § 46b-84c shall apply.
Each party shall pay one-half of unreimbursed medical, CT Page 4311 dental, prescription, optical, orthodontic, psychiatric, psychological or counseling expenses for the benefit of the minor children.
Each party shall keep, free and clear of any claims by the other, all goods and tangible personal property presently in his or her possession or control. Each party is to be responsible for those debts listed on that party's financial affidavit.
Neither party is to receive alimony from the other.
Therefore, it is the judgment of this court that the marriage of the parties be and is hereby declared to be dissolved. That each of the parties is declared to be single and unmarried. That this decree and the above recited orders are to become effective immediately.
JULIUS J. KREMSKI STATE TRIAL REFEREE